UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROGER PRICE                                                               CIVIL ACTION

VERSUS

THE STATE OF LOUISIANA,
THROUGH THE DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONS, ET AL.                                       NO.:16-00402-BAJ-EWD

RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 2)** filed by the State of Louisiana through the Department of Public Safety and Corrections ("Defendant"). Defendant alleges that the Court lacks subject matter jurisdiction, and on that basis seeks to dismiss Roger Price's ("Plaintiff") claims against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). Plaintiff has filed a response. (Doc. 4). For the reasons stated herein, Defendant's motion is **GRANTED**.

I.   BACKGROUND

Plaintiff filed the instant lawsuit in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, asserting several state-law causes of action and a claim pursuant to 42 U.S.C. § 1983 ("Section 1983") on behalf of himself and persons similarly situated. (Doc. 7). Plaintiff's claims arise from his allegation that Defendant wrongfully revoked all good-time credit owed to Plaintiff because of his violation of a condition of release for parole. (Doc. 7). Plaintiff claims that this unlawful revocation stemmed from an unconstitutional application of Louisiana Revised Statutes Section

1

15:571.4(B)(2), in violation of the Ex Post Facto Clause of the U.S. Constitution. (*Id.*)[1] Because of this unlawful revocation, Plaintiff seeks monetary relief from Defendant. (Doc. 7). Defendant removed this action from state to federal court pursuant to 28 U.S.C. § 1441, invoking the jurisdiction of the Court under 28 U.S.C. § 1331.[2] (Doc. 5). Defendant now seeks dismissal of Plaintiff's Section 1983 claim, contending that because it is not a "person" within the meaning of the statute, the Court lacks subject-matter jurisdiction. (Doc. 2).

## II.     LEGAL STANDARD

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when a court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.

---

[1] The United States Court of Appeals for the Fifth Circuit has previously held that the revised version of Louisiana's good-credit forfeiture law, La. R.S. § 15:571.4(B)(2), is unconstitutional as applied to Plaintiff. *See Price v. Warden*, 785 F.3d 1039 (5th Cir. 2015).

[2] Neither Defendant's Notice of Removal (Doc. 1-1) nor its Motion to Dismiss (Doc. 2) address Plaintiff's state law causes of action, nor do they state the basis for the Court's jurisdiction over those claims. However, to the extent the Plaintiff's state and federal law claims derive from a "common nucleus of operative fact," the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

*Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

### III.   DISCUSSION

In support of its Rule 12(b)(1) motion, Defendant asserts that it is not a "person" for purposes of Section 1983. (Doc. 2-1 at p. 4). Because of this, Defendant maintains that it is immune from suit in federal court under the Eleventh Amendment. (*Id.*) In his Motion to Amend and Restate Complaint (Doc. 3-1), Plaintiff argues that jurisdiction is proper because Defendant removed the instant lawsuit to federal court, thereby waiving its Eleventh Amendment immunity and clearing a path for Plaintiff to proceed with his Section 1983 claim.  (Doc. 3-1). In any event, Plaintiff filed an Amended and Restated Complaint wherein he claims to have remediated any potential issues asserted in Defendant's Motion to Dismiss and argues that Defendant's motion should be dismissed as moot. (*See* Doc. 7).

As a preliminary matter, the Court disagrees with Plaintiff's assertion that Defendant's Motion to Dismiss is now moot. Plaintiff's Motion to Amend and Restate Complaint asserts that the jurisdictional defects asserted with respect to his Original Complaint were extinguished by virtue of the filing of the amended pleading, thus automatically rendering Defendant's Motion to Dismiss moot. (*See* Doc. 3-1). A review of Plaintiff's Original Complaint (Doc. 1), his First Amended and Restated Complaint (Doc. 7), and Defendant's Motion to Dismiss (Doc. 2) demonstrates that any potential jurisdictional defects were not cured as Plaintiff, through the amended pleading, merely added the names of additional defendants. Plaintiff did not omit the State as

3

a defendant, nor did he abandon his Section 1983 claim against the State. As such, the Court is not required to dismiss Defendant's Motion to Dismiss as moot. *See Melson v. Vista World Inc. and Associates*, 2012 WL 6002680 at *12 (E.D.La. Nov. 30, 2012) (not reported) (observing that courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending, with some courts finding that the filing of an amended complaint does not automatically moot a pending Rule 12(b)(6) motion). Because the objection raised in Defendant's Motion to Dismiss remains unresolved even after the filing of Plaintiff's Amended and Restated Complaint, the Court will consider the substance of Defendant's motion.

Plaintiff cites *Lapides v. Board of Regents of University System of Georgia* for the proposition that removal of his lawsuit constituted a waiver of Eleventh Amendment immunity. After a careful reading of *Lapides*, the Court disagrees. It is an established principle of law that generally a state defendant waives sovereign immunity under the Eleventh Amendment when it removes a case from state to federal court. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005), citing *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002). However, in *Lapides*, the United States Supreme Court reaffirmed that the waiver-by-removal rule is inapplicable to lawsuits raising Section 1983 claims, as a state is not a "person" under Section 1983. *See Lapides*, 535 U.S. at 617 (where, despite removal of the plaintiff's lawsuit, the Court held that ". . . Lapides' only federal claim against the State arises under 42 U.S.C. § 1983, that claim seeks only monetary damages, and we have held that a State is not a 'person' against whom a §

4

1983 claim for money damages may be asserted"); *see also Will v. Mich Dept. of State Police*, 491 U.S. 58, 71 (1989)). As such, Plaintiff cannot maintain his sole federal claim against Defendant, as Defendant is entitled to sovereign immunity under the Eleventh Amendment.

Because the Court lacks subject matter jurisdiction over Plaintiff's Section 1983 claims, the Court declines to exercise supplemental jurisdiction over any of the remaining state-law claims Plaintiff may pursue against Defendant. *See* 28 U.S.C. § 1367(c)(3) (stating that district courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . ."); *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992) (finding that dismissal of state-law claims was proper after all federal claims were dismissed).

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 2)** is **GRANTED** and Plaintiff's Section 1983 claim against the State is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims against Defendant are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 12th day of January, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**