UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROGER PRICE                                                      CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                         NO.: 16-00402-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 28)** filed by Defendants Warden Jerry Goodwin and Secretary James LeBlanc. Plaintiff Roger Price filed an opposition. (Doc. 37). For the following reasons the **Motion to Dismiss (Doc. 28)** is **GRANTED**.

### I. BACKGROUND

Plaintiff was convicted of armed robbery in 1985. (Doc. 7 at ¶ 6). He was paroled in 2003, and his parole was revoked nearly eleven months later for unspecified reasons. *Id.* at ¶ 6-7. Plaintiff claims that state officials then applied a statute, enacted after he was convicted, to forfeit all of his good time credit, in violation of the Ex Post Facto Clause of the United States Constitution. *Id.* at ¶¶ 7, 16. The U.S. Court of Appeals for the Fifth Circuit granted Plaintiff's application for a writ of habeas corpus based on the same allegations. *Price v. Warden*, 785 F.3d 1039, 1040 (5th Cir. 2015). The Court ordered the State of Louisiana to recalculate Plaintiff's good time credit or release him. *Id.*

Plaintiff filed the instant lawsuit in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana. (Doc. 7 at ¶ 23). Plaintiff initially sued only the State of Louisiana, and the State removed the case to this Court. (Doc. 1). Plaintiff then filed an Amended Complaint, adding Jerry Goodwin, Warden at the David Wade Correctional Center in Homer, Louisiana and James LeBlanc, Secretary of the Louisiana Department of Corrections as Defendants. (Doc. 7). Plaintiff claims that Defendants are liable under § 1983 for wrongful detention, intentional infliction of emotional distress, malicious prosecution, and Louisiana state law for negligence. *Id.* ¶ 15. On January 13, 2017, the Court dismissed Plaintiff's claims against the State of Louisiana on sovereign immunity grounds. (Doc. 14). Warden Goodwin and Secretary LeBlanc then filed a Motion to Dismiss. (Doc. 28).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III. DISCUSSION

### A. Official Capacity Claims

Defendants contend that they are entitled to Eleventh Amendment immunity insofar as Plaintiff sued them in their official capacity for damages. (Doc. 28-1 at p. 2). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity or otherwise consented to suit. *Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 280 (5th Cir.2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts."). Moreover, an official-capacity suit for monetary relief "against a state officer is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself" and is likewise barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25–26 (1991).

Based on these principles of law, Plaintiff's claims for monetary damages against Defendants LeBlanc and Goodwin in their official capacities are barred by the Eleventh Amendment. Therefore, Plaintiff's official capacity claims against Defendants LeBlanc and Goodwin are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

B. Individual Capacity Claims

Defendants next argue that Plaintiff's claims against them in their individual capacity should be dismissed. The Fifth Circuit has held that proof of an individual defendant's personal involvement in alleged misconduct is a prerequisite to his liability on a claim for damages under § 1983. *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999). Section 1983 does not provide for liability of a supervisory official under a theory of *respondeat superior* or vicarious liability simply because an employee or subordinate allegedly violated a Plaintiff's constitutional rights. *Id.* at 200.

Here, the Court finds that Plaintiff has failed to allege any facts to support his claims against Warden Goodwin or Secretary LeBlanc under § 1983. Other than naming Warden Goodwin and Secretary LeBlanc as defendants, Plaintiff makes no allegations of a factual nature that would lead the Court to find that Defendants directly or indirectly participated in any act or plan to deprive Plaintiff of his good

time credit. (See Doc. 7).¹ Therefore Plaintiff's individual capacity claims against Warden Goodwin and Secretary LeBlanc are dismissed.²

CONCLUSION

Accordingly,

The **Motion to Dismiss** (Doc. 28) is **GRANTED**. Plaintiff's claims against Secretary LeBlanc and Warden Goodwin are **DISMISSED**.

Baton Rouge, Louisiana, this 18th day of October, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

¹ Plaintiff's state law claims are also dismissed because there is no allegation that Defendants directly or indirectly participated in any act or plan to deprive Plaintiff of his good time credit.

² Defendants also argue that Plaintiff's claims are prescribed. (Doc. 28-1 at p. 5). The Court need not reach this issue because Plaintiff otherwise fails to state a claim for relief.